By the Court.
The question in this case arises on demurrer to the petition of plaintiffs. The demurrer was sustained by the court of common pleas, the petition dismissed and judgment for costs rendered against plaintiffs. This is the error complained of.
It is averred that the plaintiffs are the owners of about eighty acres of farm lands within the incorporated limits of Zanesville, none of which adjoins, abuts or bounds “upon any street, lane, alley, public road, block or premises, through which water-pipe has been laid.” It is further averred that, the city is indebted in about $339,000, a large part of which is for money borrowed to construct water-works which are constructed and in operation ; that since the construction of the water-works, and since they have been in operation, the city council has caused a tax to be levied upon said land to pay the interest on the debt created for the erection of said waterworks ; and the treasurer of Muskingum county is proceeding to collect said tax, and will do so unless restrained by order of court. An injunction is prayed for to restrain the collection of said tax.
Other allegations are made in the petition, but for the purposes of this question, not necessary to be stated here.
' The question is determined by the construction to be given sections 2429 and 2430, of the Revised Statutes. Section 2262 authorizes the council, to “levy and assess, upon the general tax-list, an assessment on all taxable real and personal property in the corporation, for the payment of the cost and repair of” water-works and for other purposes named in said section. Section 2429 authorizes the levy and collection of tax upon all the taxable property in the corporation for the payment of interest “ on the money borrowed for the erection and completion of water-works, during the erection and completion thereof, and before they shall have been put in operation.”
But after water-works have been completed and are in operation — is it discretionary with the city council to levy a tax to pay interest on the water-works debt, upon all of the property within the city of Zanesville, or is that discretion limited to a certain class of property ? It is manifestly inequitable to subject the owner of real estate, situate at such a *598 distance from water pipes as to be deprived of all the benefits-of the water, to the same burden as the owner whose lands abut on a street through which the pipe has been laid. Certainly, in the payment of current expenses of supplying water to the owners of real estate, those not permitted to use the water should not be required to assist in defraying the expense incidental to supplying^ those who do or who may use the water. Interest on the debt is in the nature of current expenses.
Hollingsworth & McDermott and Ball & Hoffman, for plaintiffs.
R. H. McFarland, for defendants.
We do not think the city council has such a wide discretion as is claimed for it by counsel for defendants in error. The discretion does not extend to levying a tax for the payment-of interest on this water-works debt, to all of the real estate-in the city, whether excluded or not.
After the water-works have been erected and are in operation, the intention of the legislature, as expressed in section 2430, seems to have been, to relieve real estate excluded from the use of the water, from so much of the burden, as is represented by interest on the debt incurred in the erection of the-water-works.
This section provides that the council may, for the purpose of paying interest on any loan, made for the erection or extension of water-works, “ and after they shall have been put-in operation,” assess a tax, “in such manner as the council may deem most equitable and proper,” not upon all property within the city, but upon the property described in this section, as follows: “Upon all the taxable property adjoining,, abutting or bounding upon any street, lane, alley, public road, square, block, or premises, through which water pipe has been laid.”
The real estate described in the petition, not falling within the class described in the statute, is not subject to taxation to pay interest on so much of the debt of the city, as was created to erect water-works.
For error in sustaining the demurrer, and dismissing the petition at the cost of plaintiffs, the judgment is reversed and remanded to the court of common pleas, with instructions to overrule said demurrer, and for further proceedings.